HONORABLE RICHARD A. JONES

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

AILENE SABRINA BROYLES, *individually and on behalf of all others similarly situated*,

Plaintiff,

v.

CONVERGENT OUTSOURCING, INC.,

Defendant.

Case No. C16-775-RAJ

ORDER

## I. INTRODUCTION

This matter comes before the Court on Defendant Convergent Outsourcing, Inc.'s ("Convergent") Motion to Quash Deposition Notices and Request for a Protective Order (Dkt. # 17) and Plaintiff Ailene Sabrina Broyles' Motion to Compel Discovery (Dkt. # 20). For the following reasons, the Court **GRANTS** Convergent's motion and **GRANTS in part** and **DENIES in part** Broyles' motion.

## II. BACKGROUND

Broyles alleges that Convergent accessed her credit report, despite knowing that her debts had been discharged in bankruptcy. Dkt. # 1 (Complaint). Broyles alleges that, by doing so, Convergent violated the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681b. On May 26, 2016, she filed this action on behalf of herself and a proposed class of similarly situated consumers whose credit reports she alleges that Convergent also wrongfully accessed. Discovery has since commenced.

ORDER – 1

On February 20, 2017, Broyles served upon Convergent a deposition notice communicating her intent to depose Convergent's in-house counsel and Convergent's litigation support specialist. Dkt. # 17-4 at 14-17. Convergent moves to quash Broyles' notice of these depositions and requests a protective order precluding the depositions of these individuals. Dkt. # 17. Broyles opposes the motion. Dkt. # 21.

As a separate matter, Broyles moves to compel discovery from Convergent. Dkt. # 20. She requests that the Court compel Convergent to provide additional information in response to interrogatories, requests for admission ("RFA"), and requests for production ("RFP"). Convergent opposes the motion. Dkt. # 24.

## III. LEGAL STANDARD

The Court has broad discretion to control discovery. *Avila v. Willits Envtl. Remediation Trust*, 633 F.3d 828, 833 (9th Cir. 2011). That discretion is guided by several principles. Most importantly, the scope of discovery is broad. "Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense . . . ." Fed. R. Civ. P. 26(b)(1). But "the court must limit the frequency or extent of discovery otherwise allowed by these rules or by local rule if it determines that . . . the discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive . . . ." Fed. R. Civ. P. 26(b)(2)(C). "The court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense . . . ." Fed. R. Civ. P. 26(c)(1).

## IV. DISCUSSION

### A. Convergent's Motion to Quash Deposition Notices and Request for Protective Order

Under Rule 45, the Court must quash a deposition notice that "requires disclosure of privileged or other protected matter, if no exception or waiver applies" or "subjects a person to undue burden." Fed. R. Civ. P. 45(d)(3)(A). The "leading case on attorney depositions" is *Shelton v. Am. Motors Corp.*, 805 F.2d 1323 (8th Cir. 1986). *FMC*

ORDER – 2

*Techs., Inc. v. Edwards*, No. C05-946-JCC, 2007 WL 836709, at *3 (W.D. Wash. Mar. 15, 2007) (quoting *Mass. Mut. Life Ins. Co. v. Cerf.*, 177 F.R.D. 472, 479 (N.D. Cal. 1998)); *see also Willer v. Las Vegas Valley Water Dist.*, 176 F.3d 486 (9th Cir. 1999) (unpublished) (applying *Shelton* test as stated in *Mass. Mut. Life Ins.*, 177 F.R.D. at 479).

*Shelton* provides that the party seeking to depose opposing counsel must carry the burden of showing that "(1) no other means exist to obtain the information than to depose opposing counsel; (2) the information sought is relevant and nonprivileged; and (3) the information is crucial to the preparation of the case." *Shelton*, 805 F.2d at 1327 (citation omitted). "Though *Shelton*'s holding applies to 'opposing trial counsel,' 805 F.2d at 1327, district courts in this circuit have applied the standard to depositions of in-house counsel as well." *Busey v. Richland Sch. Dist.*, No. 13-CV-5022-TOR, 2014 WL 1404580, at *2 (E.D. Wash. Apr. 10, 2014); *see also Bybee Farms LLC v. Snake River Sugar Co.*, No. CV-06-5007-FVS, 2008 WL 820186, at *7 (E.D. Wash. Mar. 26, 2008) (agreeing with defendants that "*Shelton* applies to depositions of in-house counsel as well as to opposing trial counsel"); *Caterpillar Inc. v. Friedemann*, 164 F.R.D. 76, 78 (D. Or. 1995) (applying *Shelton* test to depositions of in-house counsel).

### i. In-House Counsel

Broyles contends that deposing Convergent's in-house counsel, Timothy Collins, is necessary because she anticipates that Convergent will raise an "advice of counsel" defense. On this basis, she seeks to explore the "underpinnings of that defense," including "advice to his client," "legal research," and other topics related to his capacity as counsel to Convergent. Broyles also contends that Collins' deposition testimony is crucial in light of Convergent's objections to her 30(b)(6) notice. Lastly, Broyles contends that Collins' understanding of Convergent's debt collection policies is relevant to the issue of class certification.

These contentions fall short of the showing required under *Shelton*. As Convergent notes in its response, it has neither pleaded advice of counsel as an

ORDER – 3

affirmative defense nor otherwise put the defense at issue. Broyles' speculation that Convergent may raise the defense is an insufficient basis for permitting Broyles to depose Collins about the advice he has rendered to his client, particularly given the plainly privileged nature of that advice. *See Shelton*, 805 F.2d at 1327. With respect to Convergent's objections to the 30(b)(6) notice, Broyles fails to explain why these objections mean that no other avenues exist to obtain the information she seeks to elicit from Collins. *See id.* Broyles similarly fails to show why Collins is the only source from which she can obtain information relevant to class certification. *See id.* Moreover, Collins' knowledge on this topic squarely implicates attorney-client privilege. *See id.* Among other things, Broyles seeks to inquire about "his research and investigation of administrative and case law guidance." Dkt. # 21 at 11. In addition to the above deficiencies, Broyles fails to show why deposing Collins is "crucial" to her case. *See Shelton*, 805 F.2d at 1327.

### ii. Litigation Support Specialist

The Court finds that the *Shelton* test also applies to Convergent's litigation support specialist, Alisia Stephens. Convergent contends, without rebuttal, that Stephens is an agent of its in-house counsel, and thus, that the attorney-client privilege extends to her. That contention is supported by the law. *See United States v. Nobles*, 422 U.S. 225, 238 (1975) (holding that work product doctrine extends to an attorney's agents).

Broyles' primary argument for deposing Convergent's litigation support specialist is that she has waived attorney client privilege through discussions with Plaintiff's counsel. Even if this contention had merit (and the Court doubts that it does), waiver alone is not sufficient for Broyles to carry her burden under the *Shelton* test. As noted, Broyles must also show that the information in Stephens' possession is unattainable elsewhere and that the information is crucial to her case. Broyles' argument that Stephens possesses crucial information mimics one of her arguments as to Collins—that Convergent objected to various aspects of her 30(b)(6) notice. Once again, the Court is

ORDER – 4

not persuaded that Convergent's 30(b)(6) objections weigh at all in favor of permitting Broyles to depose a member of Convergent's legal department.

Accordingly, the Court **GRANTS** Convergent's Motion to Quash Deposition Notices and Request for a Protective Order. Dkt. # 17. Convergent requests that the Court order Broyles to pay the attorney's fees incurred in connection with this motion. For reasons discussed in a greater detail below, the Court denies Convergent's request for fees. *See infra* § IV.B.v.

### B. Broyles' Motion to Compel[1]

As a threshold matter, Broyles contends that Convergent has objected on the basis of privilege, yet failed to produce a privilege log. Under Rule 26, a party who withholds information as privileged must produce a privilege log:

> When a party withholds information otherwise discoverable by claiming that the information is privileged or subject to protection as trial-preparation material, the party must: (i) expressly make the claim; and (ii) describe the nature of the documents, communications, or tangible things not produced or disclosed—and do so in a manner that, without revealing information itself privileged or protected, will enable other parties to assess the claim.

Fed. R. Civ. P. 26(b)(5)(A). *Aecon Bldgs., Inc. v. Zurich N. Am.*, 253 F.R.D. 655, 661 (W.D. Wash. 2008), *clarified on denial of reconsideration* (Aug. 28, 2008) ("[I]f it withholds requested materials on the basis of privilege, a party is obligated to document those materials in a privilege log to give the requesting party an opportunity to assess the privilege asserted.").

Having reviewed Convergent's responses to Broyles' discovery requests, the Court finds that Convergent has withheld information on the basis of privilege. Accordingly, the Court **ORDERS** Convergent to either produce a privilege log that

---

[1] The Courts limits it rulings on Broyles' motion to the substantive arguments that Broyles articulates in the body of her briefs. The Court disregards conclusory arguments or arguments advanced in footnotes. *Bach v. Forever Living Prod. U.S., Inc.*, 473 F. Supp. 2d 1127, 1132 (W.D. Wash. 2007) ("If an argument is worth making, a party should put the argument in the body of its brief.").

ORDER – 5

complies with Rule 26 or withdraw its objections.

Apart from a privilege log, Broyles moves to compel information from Convergent through broader responses to interrogatories, RFA's, and RFP's.[2] Rule 37 permits a party to move to compel responses to discovery requests. Fed. R. Civ. P. 37(a)(1), (a)(3)(B).

### i. Pre-Class Certification Discovery

"The availability and scope of pre-certification discovery lie within the discretion of the Court." *Heredia v. Eddie Bauer LLC*, No. 16-CV-6236-BLF-SVK, 2017 WL 1316906, at *1 (N.D. Cal. Apr. 10, 2017). "[O]ften the pleadings alone will not resolve the question of class certification and that some discovery will be warranted." *Vinole v. Countrywide Home Loans, Inc.*, 571 F.3d 935, 942 (9th Cir. 2009). Before obtaining pre-certification discovery, "Plaintiff must 'either make a prima facie showing that the Rule 23 class action requirements are satisfied, or . . . show that discovery is likely to produce substantiation of the class allegations.'" *Lieberg v. Red Robin Gourmet Burgers, Inc.*, No. C15-1242-TSZ, 2016 WL 1588381, at *1 (W.D. Wash. Apr. 20, 2016) (quoting *Ogden v. Bumble Bee Foods, LLC*, 292 F.R.D. 620, 622 (N.D. Cal. 2013)).

Convergent contends that Plaintiff has not made a prima facie showing under Rule 23: "[I]n her motion, Plaintiff has not made any showing of a prima facie entitlement to the class certification information she requests." Dkt. # 24 at 8. This, however, is the extent of Convergent's argument. Convergent does not attempt to explain why the specific class action allegations in Plaintiff's complaint are insufficient to satisfy the numerosity, commonality, typicality, and adequacy prerequisites of Rule 23. Fed. R. Civ. P. 23(a); *Dunakin v. Quigley*, 99 F. Supp. 3d 1297, 1324 (W.D. Wash. 2015) ("These Rule 23(a) prerequisites are often referred to in shorthand as numerosity, commonality, typicality, and adequacy."). "Courts often rely on the plaintiff's reasonable allegations

---

[2] In her reply, Broyles withdraws her motion with respect to requests for production 6-10, 21-23, and 27-28. Dkt. # 25 at 2 n.1 (Reply Brief).

ORDER – 6

for concluding that the plaintiff has made a prima facie showing." *Heredia*, No. 16-CV-6236-BLF-SVK, 2017 WL 1316906, at *2; *Lieberg*, No. C15-1242-TSZ, 2016 WL 1588381, at *1 ("The Court determines whether plaintiffs can establish a prime facie showing of the Rule 23 requirements by reference to the claims underlying the lawsuit.").

As alleged in her complaint, Broyles' class comprises:

> All natural persons: (a) whose consumer report was obtained by Defendant after the date beginning five years prior to the filing of this Complaint; (b) for account review purpose; and, (c) where Defendant's records note that the account relationship had terminated because (i) the debt on the account had been discharged in bankruptcy; (ii) the account was closed with a zero balance; or, (iii) the account had been sold or transferred to a third party.

Compl. ¶ 28. She alleges that this class consists of "at least thousands of members," that the class is united by the common issue of Convergent obtaining a class member's consumer report despite knowing that the class member's debt had been extinguished, that the claims she alleges are typical across the class, and that the class action procedure is adequate because her interests are aligned with those of the class members. These allegations are sufficient to state a prima facie showing under Rule 23. Accordingly, the Court finds that limited pre-certification discovery is warranted.

The Court **DENIES** Broyles' motion with respect to Interrogatory 3, which requests that Convergent "[s]tate the size of the class as defined in the Complaint." Dkt. # 24-2 at 5. This Court agrees with Convergent that this request is overbroad.

The Court **DENIES** Broyles' motion with respect to Interrogatory 4 and RFP 20, which seek the names, addresses, and telephone numbers of all putative class members. The case law generally recognizes that in evaluating requests for the identifying information of putative class members, the Court must balance the privacy rights of those non-party putative class members and the requesting party's need for that information. *See Artis v. Deere & Co.,* 276 F.R.D. 348, 352-53 (N.D. Cal. 2011). In conducting this balancing, however, courts note that disclosure of customer "names, addresses, and telephone numbers is a common practice in the class action context." *Id.* at 352 (citing

ORDER – 7

*Currie-White v. Blockbuster, Inc.,* No. C09-2593-MMC-MEJ, 2010 WL 1526314, at *2 (N.D. Cal. Apr.15, 2010)). Here, Broyles seeks identifying information about consumers who have undergone debt collection or bankruptcy proceedings. This information is inherently sensitive and squarely implicates privacy concerns.[3] Moreover, Broyles has not convincingly demonstrated why she needs contact information of putative class members at this stage. She contends that "there may be a need to contact such members in the event Defendant raises issues concerning Plaintiff's typicality and adequacy." Dkt. # 25 at 3. On balance, the privacy rights of putative class members outweigh Broyles' purported need for their contact information.

The Court **GRANTS** Broyles' motion with respect to Interrogatories 5, 6, and 7. These interrogatories request information about the number of consumers since May 26, 2011, as to whom Convergent has obtained a consumer report under the circumstances alleged to comprise Broyles' proposed class. This information is relevant to the issue of class certification and it is unattainable elsewhere. *Doninger v. Pac. Nw. Bell, Inc.*, 564 F.2d 1304, 1313 (9th Cir. 1977) (discussing class certification discovery and noting that such discovery may be proper "especially when the information is within the sole possession of the defendant").

### ii. Interrogatories 2, 9, 11, and 15

The **GRANTS** Broyles' motion with respect to Interrogatory 2. Interrogatory 2 requests that Convergent identify individuals whom it knows to have information pertinent to Broyles' allegations or any defense to those allegations. In response, Convergent identified Broyles. Now, in its motion, Convergent identifies its Rule 30(b)(6) designee. These responses are incomplete. Convergent must provide a complete answer to Interrogatory 2.

The Court **DENIES** Broyles' motion with respect to Interrogatories 9, 11, and 15.

---

[3] Although the information produced in this case is subject to a stipulated protective order, that order does not negate the privacy interests of the putative class members in avoiding the disclosure of their information to counsel for Broyles.

ORDER – 8

Those interrogatories request information about each time Convergent obtained a consumer report concerning Boyles, the facts that support why obtaining these report was necessary, and the factual bases for Convergent's defenses. To each interrogatory, Convergent responded that:

> Defendant obtained Plaintiffs credit report on August 6, 2015, in connection with a T-Mobile account placed with Defendant for collection. Defendant obtained Plaintiff's credit report on February 2, 2016, in connection with an account placed with Defendant for collection other than the T-Mobile account. Defendant obtained Plaintiffs credit report on February 14, 2016, in connection with an account placed with Defendant for collection other than the T-Mobile account.

Dkt. # 24-2 (Responses to Interrogatories). This answer is a sufficient response to Interrogatories 9, 11, and 15.

### iii. Requests for Admission 9-12

The Court **DENIES** Broyles' motion with respect to RFA's 9-11. These RFA's request that Convergent admit to having received certain bankruptcy notices on certain dates. Convergent contends that, despite a reasonable inquiry, it lacks sufficient information to fully admit or deny these RFA's. Under Rule 36, "If a matter is not admitted, the answer must specifically deny it or state in detail why the answering party cannot truthfully admit or deny it." Fed. R. Civ. P. 36(a)(4). By explaining why it cannot admit or deny the RFA, Convergent has complied with Rule 36.

The Court also **DENIES** Broyles' motion with respect to RFA 12. This RFA requests that Convergent admit that Broyles' obligation to repay any debt to Convergent was discharged on a particular date. Convergent denied RFA 12. This response is sufficient.

### iv. Requests for Production 1, 2, 4-6, and 10

"In general, a court analyzing a motion to compel production of documents should conduct a two-step inquiry, first examining whether the requested documents are relevant and within the scope of permissible discovery, and second inquiring whether the burden or expense of the document request outweighs its likely benefit." *Snyder v. Fred Meyer*

ORDER – 9

*Stores, Inc.*, No. C12-1397-JLR, 2013 WL 3089405, at *2 (W.D. Wash. June 18, 2013) (citations omitted). "[D]iscovery requests and related responses should be reasonably targeted, clear, and as specific as possible." LCR 26(f).

The Court **DENIES** Broyles' motion with respect to RFP 1. This RFP seeks "[a]ll documents relating to or referring to Plaintiff including, but not limited to, her consumer reports, her bankruptcy and her bankruptcy discharge." Dkt. # 24-3. Convergent refuses to comply with the request on the grounds that it is overbroad. The Court agrees. RFP 1 requests every document that so much as mentions Broyles by name, regardless of its relevance to the instant dispute. This request is not "reasonably targeted" within the requirement of LCR 26(f) and it fails to pass the threshold inquiry of relevance.

The Court **GRANTS** Broyles' motion with respect to RFP 2, 4-6, and 10. Broyles contends that Convergent's production in response to these RFPs is incomplete because it asserted confidentiality objections. The parties have jointly stipulated to a protective order that shields confidential or proprietary information from public disclosure. Dkt. # 14. As such, the Court fails to see how Convergent would have a basis to object on the grounds of confidentiality.

### v. Sufficiency of Convergent's Supplemental Responses

Broyles challenges the sufficiency of Convergent's supplemental discovery responses as to Interrogatories 8 and 10, as well as RFA's 16-17.

The Court **DENIES** Broyles' motion with respect to Interrogatories 8 and 10. In its supplemental responses, Convergent cross-references records it has produced to Broyles as containing the information that Broyles seeks. Under certain circumstances, a Rule 33 permits a party to respond in this manner. Fed. R. Civ. P. 33(d). "A party claiming that the opposing party inappropriately used Rule 33(d) must make a prima facie showing that use of this rule is somehow inadequate, because either the information is not fully contained in the documents or because it is too difficult to abstract." *Bite Tech, Inc. v. X2 Biosystems, Inc.*, No. C12-1267-RSM, 2013 WL 12191342, at *2 (W.D.

ORDER – 10

Wash. May 13, 2013). Broyles has not sought to make this showing.

The Court also **DENIES** Broyles' motion with respect to RFA's 16-17. These RFA's seek Convergent's admission to knowledge of certain Federal Trade Commission guidelines. In its supplemental responses, Convergent states that, despite a diligent search, it currently lacks sufficient information to admit or deny to the RFA's. As noted, under Rule 36, a party that cannot admit or deny an RFA may respond by stating in detail the reasons why. Fed. R. Civ. P. 36(a)(4). Convergent's responses are permissible.

### vi. Fees

Under Rule 37, if a motion to compel is "granted—or if the disclosure or requested discovery is provided after the motion was filed—the court must, after giving an opportunity to be heard, require the party or deponent whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees." Fed. R. Civ. P. 37(a)(5)(A). But the Court is precluded from awarding expenses if: "(i) the movant filed the motion before attempting in good faith to obtain the disclosure or discovery without court action; (ii) the opposing party's nondisclosure, response, or objection was substantially justified; or (iii) other circumstances make an award of expenses unjust." *Id.*

The Court finds that an award of expenses would be unjust. As noted in the previous section, Broyles sought an unwarranted deposition of Convergent's in-house counsel, which the Court quashed. In doing so, the Court denied Convergent's request for fees. Awarding fees to Broyles in the context of a separate discovery dispute would be unfair. Accordingly, the Court declines to award fees under Rule 37(a)(5)(A)(iii).

\\
\\
\\
\\

ORDER – 11

\\

## V. CONCLUSION

For the reasons stated above, the Court **GRANTS** Convergent's Motion to Quash Deposition Notices and Request for a Protective Order (Dkt. # 17) **GRANTS in part** and **DENIES in part** Broyles' Motion to Compel Discovery (Dkt. # 20).

DATED this 23rd day of May, 2017.

*Richard A. Jones*

The Honorable Richard A. Jones
United States District Judge

ORDER – 12